**AFFIRM; Opinion Filed October 9, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-01369-CR

## ADRIAN ALDON KEATON, Appellant
## V.
## THE STATE OF TEXAS, Appellee

### On Appeal from the 59th Judicial District Court
### Grayson County, Texas
### Trial Court Cause No. 070173

## MEMORANDUM OPINION
Before Justices Myers, Nowell, and Evans
Opinion by Justice Nowell

A jury convicted Adrian Aldon Keaton of assault on a public servant and retaliation. In two issues, appellant argues the evidence is insufficient to support the jury's verdicts. We affirm the trial court's judgment.

FACTUAL BACKGROUND

On September 3, 2018, Officer Brandon Ozuna of the Howe Police Department responded to a call about a domestic disturbance at an apartment complex. When he knocked on the apartment door, a man answered; he also saw a woman inside. Neither of them had marks or scratches on their bodies. The man was "really drunk" and the woman was less so. Both people were cooperative and,

Ozuna left shortly thereafter. When Ozuna's shift ended, he was replaced by Sergeant Keith Milks. Ozuna told Milks about the domestic disturbance call.

Later the same day, Milks was called to the apartment complex. When he arrived, appellant's girlfriend and the apartment manager were standing outside near the parking lot. Appellant was sitting in a parked SUV and was not causing a disturbance. As Milks went to talk to the apartment manager and appellant's girlfriend, appellant exited the SUV. Milks told him to return to the vehicle. Milks testified that as appellant turned back toward the SUV, appellant said "coward." Milks promptly put appellant into handcuffs and told appellant he was being detained for public intoxication. During his testimony, Milks conceded that at the time he arrested appellant, appellant was not posing a danger to himself or others; rather, appellant was complying with Milks's instruction.

According to the body camera footage from Milks's camera, after putting appellant in handcuffs, Milks told appellant to sit in a chair outside of an apartment; appellant refused to do so. Milks then pushed appellant to the ground and placed his knee in appellant's back. Appellant lodged numerous verbal insults at Milks and called him profane names. Appellant told Milks he would "put [Milks] in court so bad, you're going to be fucked up;" "I'd fucking throw you off of me if you weren't a cop. I respect you, man;" and "take these [handcuffs] off for a second and let me and you go one on one." Appellant told Milks to take off his badge and act like a man because, without the handcuffs, Milks could not "take" appellant.

–2–

As Milks placed appellant, who was still in handcuffs, in a patrol car, appellant yelled: "Take that badge off, and then let's fucking fight." He followed his statement with more profane insults and then said: "I'll beat your fucking teeth in. . . . I'll beat your - -." While yelling more profane insults, appellant kicked Milks. Milks testified appellant kicked his hand forcefully and deliberately, and he immediately felt a sharp pain.

Milks was in pain overnight. The following day, he went to Medical City to have his hand examined, and he was diagnosed with a wrist sprain. Milks testified "[t]here was a subcutaneous hematoma underneath there where the lacerations [sic] was. Basically a deep bruising."

The jury saw the video footage from Milks's body camera showing the encounter.

LAW & ANALYSIS

We review a challenge to the sufficiency of the evidence on a criminal offense for which the State has the burden of proof under the single sufficiency standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Acosta v. State*, 429 S.W.3d 621, 624–25 (Tex. Crim. App. 2014). Under this standard, the relevant question is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2011). This standard accounts for the factfinder's duty to resolve conflicts in the testimony,

–3–

to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id.* Therefore, in analyzing legal sufficiency, we determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Id.* When the record supports conflicting inferences, we presume the factfinder resolved the conflicts in favor of the verdict and defer to that determination. *Id.* Direct and circumstantial evidence are treated equally: circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Id.*

As applicable in this case, a person commits the offense of assault on a public servant if he intentionally, knowingly, or recklessly causes bodily injury to a person the actor knows is a public servant while the public servant is lawfully discharging an official duty. *See* TEX. PENAL CODE § 22.01(a)(1), (b)(1). The penal code defines "bodily injury" as "physical pain, illness, or any impairment of physical condition." *Id.* § 1.07(a)(8). Further, a person commits the offense of retaliation if the person intentionally or knowingly harms or threatens to harm another by an unlawful act in retaliation for or on account of the service or status of the other person as a public servant. *Id.* §36.06(a)(1)(A). The offense is a second-degree felony if the actor's conduct results in the bodily injury of a public servant. *Id.* §36.06(c).

In his first issue, appellant argues the evidence is insufficient to support his conviction for assault on a public servant. He asserts Milks's body camera footage shows appellant "kicked at" Milks, but did not actually kick Milks.

The evidence shows Milks was a police officer, a public servant, who was driving a marked car and wearing his police uniform when he encountered appellant. After being handcuffed, appellant yelled profane names at Milks and expressed a desire to fight. While the body camera footage does not show whether appellant's foot made contact with Milks's hand, Milks testified appellant deliberately kicked him and he immediately felt pain. Milks was diagnosed with a sprained wrist and bruising the following day. Additionally, the apartment manager testified appellant threatened to "kick [Milks's] butt" and then intentionally kicked Milks. After viewing the evidence in the light most favorable to the verdict, we conclude any rational trier of fact could have found appellant knew Milks was a public servant and he intentionally, knowingly, or recklessly caused bodily injury to Milks while Milks was lawfully discharging an official duty. We overrule appellant's first issue.

In his second issue, appellant asserts the evidence is insufficient to convict him of retaliation because his threats against Milks were conditioned on Milks not being a police officer. The evidence shows that after Milks placed appellant into the police vehicle, appellant continued yelling profane insults at Milks. Appellant then yelled: "I'll beat your fucking teeth in. . . . I'll beat your - -" before kicking Milks. Based on the evidence, the jury could have concluded appellant was threatening

Milks because Milks, a public servant, handcuffed appellant and placed him in a patrol car. Viewing this evidence in the light most favorable to the verdict, we conclude any rational trier of fact could have found appellant intentionally or knowingly harmed or threatened to harm Milks by an unlawful act in retaliation for or on account of Milks's status as a public servant. *See* TEX. PENAL CODE §36.06(a)(1)(A). We overrule appellant's second issue.

CONCLUSION

We affirm the trial court's judgment.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
191369F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ADRIAN ALDON KEATON,
Appellant

No. 05-19-01369-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 59th Judicial District Court, Grayson County, Texas
Trial Court Cause No. 070173.
Opinion delivered by Justice Nowell. Justices Myers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 9th day of October, 2020.